UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAR WASITO,<br><br>                                     Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A.;<br>SPECIALIZED LOAN SERVICING<br>LLC; and DOES 1-100, inclusive,<br>                                    Defendants. | Case No.: 3:17-cv-01507-BEN<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER** |

On July 26, 2017, Plaintiff Janar Wasito, proceeding pro se, filed an ex parte motion for a temporary restraining order ("TRO") to postpone the July 28, 2017 foreclosure sale on his residence. He also submitted a request for judicial notice to support his ex parte motion. The Court has reviewed and considered both filings.

The Court is familiar with the allegations in this case, as they are substantially the same as his allegations in Case No. 17-cv-1279. In that case, on July 6, 2017, the Court granted Plaintiff a temporary restraining order to delay the foreclosure sale on his house. The Court issued the TRO to preserve the status quo until a hearing could be held. The Court held a preliminary injunction hearing on July 13, 2017. After careful consideration of the parties' arguments and the governing law, the Court denied Plaintiff's request for a

preliminary injunction. The Court held that Plaintiff had not demonstrated a likelihood of success on the merits, that the balance of equities tips in his favor, or that the public interest favors enjoining the foreclosure. The same reasons lead this Court to conclude that a temporary restraining order should not issue in this case.

## I.  Background

Plaintiff claims that Defendants Wells Fargo Bank, N.A. and Specialized Loan Servicing LLC, the previous and current servicers of his loan, respectively, breached a duty of care in processing and reviewing his applications for a loan modification. Plaintiff's theory is that Wells Fargo improperly denied him a loan modification in 2013. Because he was allegedly improperly denied a loan modification in September 2013, he believes he overpaid his monthly mortgage payments until May 2015. At the preliminary injunction hearing, Plaintiff conceded he has not made his monthly mortgage payments since May 2015. He brings claims for negligence and negligent infliction of emotional distress.

## II.  Legal Standard

A temporary restraining order is extraordinary relief, the underlying purpose of which is to preserve the status quo before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). For a TRO to issue, the movant must show either (1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party. *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1099 (S.D. Cal. 2012) (citing *Immigrant Assistance Project of Los Angeles Cnty. Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Dep't of Parks & Recreation of Cal. v. Bazaar del Mundo Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006). If the movant shows no chance of success, injunctive relief should not issue. *Id.* at 1124.

### III. Discussion

Some California courts impose a duty of care on a lender or loan servicer in reviewing a loan for a potential modification. *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941 (2014). *But see Marques v. Wells Fargo Bank, N.A.*, No. 16-cv-03973, 2016 WL 5942329, at *6-7 (N.D. Cal. Oct. 13, 2016) (discussing split in authority regarding whether loan servicers owe borrowers a duty of care in processing modification applications and declining to impose a duty of care). However, even if this Court finds such a duty, Plaintiff has not demonstrated a likelihood of success or serious questions going to the merits of his claims. The Court heard Plaintiff's arguments regarding the allegedly negligent 2013 loan modification denial at the preliminary injunction hearing and considered the evidence offered. Plaintiff appealed the denial of that modification, and his appeal was denied. (*See* Decl. of Specialized Loan Servicing, LLC ¶ 11, Case No. 17-cv-1279, Doc. No. 23). He also applied for and was denied other loan modifications over the years. (*See id.* ¶¶ 18, 30-32). Plaintiff fails to explain why these reviews were not adequate to correct the alleged error in the 2013 modification denial.

Plaintiff has not made a mortgage payment in over two years. He has not made a credible offer of tender. He has not demonstrated a likelihood of success or serious questions going to the merits, nor has he shown why it would be equitable to postpone the foreclosure sale again.

Plaintiff's motion for a temporary restraining order is **DENIED.**

**IT IS SO ORDERED.**

Dated: July 27, 2017

Hon. Roger T. Benitez
United States District Judge